UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff,*

    vs.                                           Case No. 20-cr-10-jdp

DAVID M. KRUCHTEN,

        *Defendant*.

## REPLY BRIEF RE:
## MULTIPLICTY

David Kruchten, by counsel, previously moved to dismiss counts 2–6 of the Indictment as multiplicitous. The government has responded, and there are two salient points to make in reply. First, contrary to the government's argument the unit of prosecution in *an attempt* does not center on the use of the child, but the substantial step—the action necessary for the crime. Second, that the Supreme Court's teaching in *Bell* should control both the reading of this statute and how the rule of lenity applies. This brief addresses both points and stands as the basis for dismissing counts 9–14. Those counts are multiplicitous of count 8, an attempt on October 29, 2018. There is little reason to rehash the prior brief. Rather, the same arguments that are (hopefully) persuasive about dismissing counts 2–6, would apply with equal force to counts 9–14. For sake of the keeping a clean and ordered record, the defense has filed a separate motion to dismiss those counts.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

**I.     In an attempt the unit of prosecution centers on the action, the substantial step.**

The parties at loggerheads over the unit of prosecution, and it will control whether these charges are multiplicitous. *United States v. Chilaca,* 909 F.3d 289, 291 (9th Cir. 2018). Stripped of its surplusage, the statute provides:

> Any person who attempts to employ, use, persuade, induce, entice, or coerce any minor to engage in, . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct shall be punished.

*See* 18 U.S.C. § 2251(a)(e). The government places the unit of prosecution on the *use to engage in.* The defense on the *attempt*—the action of substantial step. *United States v. Buchanan*, 485 F.3d 274, 280 (5th Cir. 2007) ("In *Reedy*, this court began its analysis by explaining that "the 'unit of prosecution' for a crime is the *actus reus*, the physical conduct of the defendant." (citing *United States v. Reedy*, 304 F.3d 358, 365 (5th Cir. 2002)). After all, when an attempt is charged, the Seventh Circuit has interpreted § 2251(a) and (e) to focus on the substantial step and specific intent: "we take Congress's criminalization of an attempt to manufacture child pornography to mean that *a defendant must have the specific intent* to produce a sexually explicit visual depiction of a minor *and must take a substantial step* towards completing that offense." *United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004) (emphasis added).

The government cites several cases that it believes place the unit of prosecution on the *use,* but those cases are inapplicable—not one is binding authority on interpreting § 2251(a) and only a couple concern attempts. In a few of the government's cases, *Holt*

2

and *Esch,* the courts place the emphasis on the *use to engage in. See* R.29:5 *United States v. Holt,* 786 F. App'x 805, 808–09 (10th Cir. 2019); *United States v. Esch,* 832 F.2d 531, 541 (10th Cir. 1987) *("[E]ach use of a minor* to create a visual depiction constitutes a separate and distinct violation [of § 2251(a)], and thus represents the correct unit of prosecution." (emphasis added)). But in some of the government's other cases, *Smith* and *Fee,* it's the number of images ultimately produced, even out of a single sexual act that gives rise to multiple counts. *See* R.29:5. *United States v. Smith*, 919 F.3d 1, 16 (1st Cir. 2019) ("[M]ultiple federal appellate courts have held that the proper unit of prosecution of Section 2251 was each image or video depicting the child, not each "use" of the child"); *United States v. Fee*, 491 F. App'x 151, 157 (11th Cir. 2012) (summary order) ("The text of section 2251(a) makes clear that Congress proscribed each [discrete] visual depiction of a minor as a separate offense."). So at least four of the government's cases focus on a different unit of prosecution—the use or the number of images. Those cases aren't helpful and don't lead to a harmonious understanding of how § 2251(a) has to be read, especially in cases involving an attempt.

The government's cases concerning § 2251(a) and attempt are similarly unhelpful—they're all on plain-error review or affirming the denial of a certificate of appealability with limited facts. *Holt*, 786 F.App'x at 808–09 (denying certificate of appealability); *United States v. Valerio*, 765 F.App'x 562, 570 (2d Cir. 2019) (plain-error review). Understandably, given their posture, they don't provide a strong and detailed analysis. For instance, in *Valerio* the defendant was charged with 13 counts, many of them

3

attempts that spanned a period of seven months. *Id.* at 570. The district dismissed many as multiplicitous (it's not clear why), yet the defense didn't move to dismiss others (it's also not clear why). *See id.* at ("On Valerio'ss earlier motion, the District Court adopted this line of reasoning and dismissed Counts Nine through Thirteen, all of which charged attempted sexual exploitation on dates occurring in the seven-month period between April 1, 2012, and November 1, 2012, the period of sexual exploitation alleged in Counts Two and Three."). And the court of appeals held that it was not plain error to not dismiss counts concerning attempts outside those that were dismissed. *Id.* (holding "[i]f under our existing law Valerio could have been convicted of a single count of violating section 2251(a) based on each time that he facilitated the sexual exploitation of Jane Doe #1 outside the seven-month period alleged in Counts Two and Three, then he could be convicted of separate attempts to do so during that period, too."). That's hardly helpful here on how the statute should be interpreted.

The best case the government has for a clear and defining principle that can (and is) used in child pornography cases is on page 3. It cites *United States v. Buchanan*, 485 F.3d 274, 280 (5th Cir. 2007). There, the Fifth Circuit looked at four charges of receipt of child pornography and what the unit of prosecution was. The Fifth Circuit defined it around *actions* that the defendant had to take to commit the crime. *Id.* at 280-81. Albeit in the receipt context, the court found that taking a single *action* would only allow for one conviction. *Id.* at 282 ("Based on the facts before us, the government did not offer any proof that Buchanan took more than one action to receive the four images that were the

4

basis of his convictions under § 2252(a)(2). His convictions were therefore multiplicitous.”). That principle is consistent with how we usually approach a statute: are there distinct actions that separate one offense from another. *See United States v. Starks*, 472 F.3d 466, 468–69 (7th Cir. 2006) (“The traditional test of multiplicity…focus[es] on the statutory elements [to determine whether each count requires proof of fact that the other does not].”).

Here, the single action that Kruchten took and that pervades Counts 2-6 is the substantial step—setting up the camera. That is the action that undergirds each count; there is no separate action involved in each count. In asking whether an indictment is multiplicitous, we typically ask “whether each count requires proof of a fact which the other does not. If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity.” *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002). Kruchten isn't alleged to have done something different with each minor. It was whatever minor used the bathroom. And so, each count stems from that single substantial step and each attempt should be collapsed into a single count. That's the bottom-line logic that should control here.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

**II.    The Supreme Court's analysis in *Bell,* including the rule of lenity should apply here.**

That logic is the same reasoning that the Supreme Court used in *Bell.* The government doesn't cite or discuss *Bell.* Yet *Bell* is not just the seminal case on multiplicity, it should be the starting point for any analysis, including this one. *Bell v. United States*, 349 U.S. 81 (1955). The statutes at issue in *Bell* and § 2251(a) are similar—the concern (or criminality) is placed on the single action and not on the number of people (victims) involved. In *Bell* it's the single action of the transportation. *Id.* at 83 (noting "[t]he constitutional basis of the statute is the withdrawal of the facility of interstate transportation" (quotation omitted)).  Here, it's the single action of setting up the camera. And the result should be the same: a single count should lie for that behavior.

That leads to the final point. This is a matter of statutory interpretation. *See United States v. Smith*, 459 F.3d 1276, 1287 (11th Cir. 2006). The best the government has to support the multiple counts is that in a few actual production case, it's the individual use or the number of images that allows for multiple counts of conviction. But the government has nothing concrete with regards to interpreting the attempt—either in the way of binding case law or statutory-interpretation principles. For its part, the defense has given a valid interpretation based on the text and case law. Admittedly, the defense does not have a definitive case from the Supreme Court or the Seventh Circuit holding an attempt to produce child pornography charge is a single count, no matter how many potential victims. If we did, this motion probably wouldn't be necessary.

6

The point is, there's nothing absolutely definitive and there's law on both sides. In such a situation, the Rule of Lenity applies. *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001) ("[D]oubt will be resolved against turning a single transaction into multiple offense." (quotation omitted)). Indeed, the Supreme Court made that point in *Bell*. This is a long quote, but it says it all and it should control here:

> It is not to be denied that argumentative skill, as was shown at the Bar, could persuasively and not unreasonably reach either of the conflicting constructions. About only one aspect of the problem can one be dogmatic. When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. *When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity.* And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. *It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes.*

*Bell,* 349 U.S. at 83–84 (emphasis added). There is nothing, absolutely nothing that should prevent this Court from applying the same logic here and finding that counts 2–6 are multiplicitous. And thus, they should all be collapsed into a single count.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Dated at Madison, Wisconsin, this 30th day of October, 2020.

Respectfully submitted,

David M. Kruchten, Defendant

*/s/Joseph A. Bugni*
Joseph A. Bugni

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
Joseph_bugni@fd.org