

U.S. Department of Justice

**United States Attorney's Office**
**Western District of Wisconsin**

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

Address:
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

July 1, 2021

Joseph A. Bugni
Federal Defender Services of Wisconsin, Inc.
22 East Mifflin, Suite 1000
Madison, WI 53703

Re: *United States v. David M. Kruchten*
Case No: 20-cr-010-jdp

Dear Attorney Bugni:

This is the proposed plea agreement between the defendant and the United States in this case.

1. The defendant agrees to waive indictment and plead guilty to Counts 1 and 2 of the superseding information filed by the United States Attorney's Office. Count 1 charges a violation of Title 18, United States Code, Section 1466A(a), which carries the following penalties: a minimum of five years and maximum of 20 years in prison; a maximum 3-year term of supervised release; a maximum $250,000 fine; a $100 special assessment; and the entry of an appropriate restitution order. Count 2 charges a violation of Title 18, United States Code, Section 2423(b) which carries the following penalties: a maximum of 30 years in prison, a minimum of five years and a maximum life-term of supervised release, a maximum $250,000 fine, a $100 special assessment, a $5,000 assessment pursuant to 18 U.S.C. § 3014 unless the defendant is found to be indigent, and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2. The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c)

July 1, 2021
Page 2

to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentence between six years and twenty years in prison and 20 years of supervised release is the appropriate disposition of this case. If the Court accepts this plea agreement, the Court will be bound to sentence the defendant to between six years and 20 years in prison and 20 years of supervised release. If the Court rejects the plea agreement and declines to impose a sentence of between six years and 20 years in prison and 20 years of supervised release, the defendant may withdraw his guilty plea. The defendant understands that this is not a conditional plea and that by pleading guilty he also agrees to withdraw his pending motions. (R. 15-17, 40, 43-44).

4. The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment of 240 months or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

5. The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

6. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the superseding information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United State also agrees to dismiss the pending indictment at the time of sentencing.

7. The United States agrees to recommend that the Court, in computing the

July 1, 2021
Page 3

advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before July 2, 2021.

8.  The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction, including — pursuant to 18 U.S.C. §§ 3663(a)(1)(A) and 3663A(a)(3) — offenses that occurred in other districts that are similar to the defendant's conduct that is the subject of this case. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

9.  The parties agree that all students who went on a trip the defendant chaperoned since 2016 are "victims" under 18 U.S.C. § 3771 and therefore entitled to the same rights as victims of the federal offenses, including, as noted above, the right to restitution and the right to be heard at sentencing. The parties further agree, pursuant to USSG § 1B1.2(c), that defendant's acts relating to these persons are relevant conduct for sentencing purposes.

10. The defendant hereby abandons any interest he has in all property seized by law enforcement in this case and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

11. Other than as noted above, the defendant understands that the sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussion between defense counsel and the United States.

July 1, 2021
Page 4

12. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

13. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case and that plea letters dated June 9, 2021, June 21, 2021, and June 29, 2021 have been withdrawn.

Very truly yours,

TIMOTHY M. O'SHEA
Acting United States Attorney

By: /s/

July 12, 2021
Date

ELIZABETH ALTMAN
Assistant United States Attorney

7/9/21
Date

JOSEPH A. BUGNI
Attorney for the Defendant

DAVID M. KRUCHTEN
Defendant

7/2/21
Date

Enclosure