IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

                      Plaintiff,                                ORDER

        v.                                                 20-cr-10-jdp

DAVID KRUCHTEN,

                      Defendant.

---

At sentencing, I left open the question of whether to impose the $5,000 special assessment under the Justice for Victims of Trafficking Act, codified at 18 U.S.C. § 3014(a). Given one of the offenses of conviction, under 18 U.S.C. § 2423, the assessment is mandatory unless defendant is indigent. The government now requests that I impose the assessment. Dkt. 108. Defendant contends that he is indigent and asks that I not impose it. Dkt. 114.

As the parties agree, the Seventh Circuit has not explained what it means to be indigent for purposes of the Justice for Victims of Trafficking Act. The government cites several cases from outside the circuit that suggest several factors that a court might consider. But ultimately the question comes down to whether defendant would be able to pay the assessment, in light of his resources and his other obligations.

Defendant's post-sentencing financial statement shows a net worth of $304,000. Dkt. 106. The government contends that this alone precludes a finding of indigency. But the figure overstates defendant's own position, because that $304,000 represents the joint net worth of defendant and his wife. Most of the family's net worth, $276,000 of it, derives from equity in their mortgaged home. Defendant explains that the home was refinanced with liquidated retirement funds so that the monthly payment would be one that defendant's wife could afford

on her salary. Now that defendant is incarcerated, the family is just getting by on the wife's salary. The modest family net worth is not a good indicator of whether defendant himself is indigent.

The government also contends that defendant has good prospects for employment after he completes his sentence. His previous career, teaching, will be foreclosed by his status as a sex offender. But he is educated and intelligent, so his employment prospects are better than many defendants facing a decade in prison for a sex offense. But still, even the possibility of defendant earning a regular salary is far off in the future. And defendant points out that at release he will have significant other responsibilities, namely the support of his children, $5,000 in restitution, and the potential liability from a pending civil suit.

I conclude that defendant does not currently have the resources to pay a $5,000 special assessment and that his future prospects of having those resources are remote. Accordingly, I deem defendant to be indigent, and I decline to impose the special assessment.

Entered this 24th day of February, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge